No. 632

POULOS et v. TOLEDO LABOR BLDG. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1537. Decided March 16, 1925

543. FORCIBLE ENTRY AND DETAINER —1. Terms in lease which give lessor power to say whether or not a certain business is objectionable, will support an action for restitution.

2. Jurisdiction given to Municipal Court, in cases for forfeiture of lease.

3. The covenant was expressed in lease by the language used therein, and run with the land.

4. Forfeiture not waived by acceptance of rent.

YOUNG, J.

The Toledo Labor Building Co. brought a proceeding in forcible entry and detainer against John Poulos, who was a tenant in the building. The lease of the parties recited that if business was objectionable, the owner had the power to declare it so. No business was to be carried on which was contrary to State laws, or city ordinance. The lease further contained a provision for a forfeiture upon any violation of the lease's terms or conditions. The cause was tried in the Municipal Court without a jury, and restitution was issued. Judgment was affirmed by the Lucas Common Pleas and error was prosecuted to the Court of Appeals.

Poulos contended that the Municipal Court did not have jurisdiction in cases of this kind, that the Building Co. had no right to declare a forfeiture, and if the right did exist, it was waived by reason of the company receiving money for rent at a time subsequent to the time that the forfeiture should have been declared. It was contended by Poulos that there was no covenant in the lease, and that the action was one in ejectment, and not forcible entry and detainer. The Court of Appeals held:

1. The Municipal Court is given jurisdiction over cases of this kind, 1579-286 GC.

2. The action by the Building Co. was based upon 12672 GC., which makes selling of cocaine an offense. The lessor acting in good faith, therefore had the right to declare a forfeiture.

3. There was no waiver of right of forfeiture by acceptance of rent. Nassr v. Upton, 4 Ohio App. 202.

4. No separate covenant in lease was necessary, for the covenant was expressed and incorporated by the language used in the lease, and thereby created a covenant running with the land. Judgment affirmed.

Attorneys—Johnson, Johnson and Farber, for Poulos; Hackett and Lynch for Bldg. Co.; all of Toledo.

Note:—Motion to certify overruled, 3 Abs. 378.